NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 23 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HARSEVAK SINGH; HARJEET KAUR; HARPAGAT SINGH; JAISLEEN JAISLEEN, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-3303 <br><br> Agency Nos. <br> A220-843-082 <br> A220-843-083 <br> A220-843-084 <br> A220-843-085 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 14, 2025**

Before: HAWKINS, S.R. THOMAS, and McKEOWN, Circuit Judges.

Harsevak Singh ("Singh") petitions for review of the Board of Immigration

Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of his

application for asylum, withholding of removal and protection under the Convention

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We review the agency's factual determinations for substantial evidence, *Ali v. Holder*, 637 F.3d 1025, 1028–29 (9th Cir. 2011), and we deny the petition.

Singh asserted he was a victim of past persecution at the hands of the Bharatiya Janata Party ("BJP") in the state of Haryana, India, because of his activities in support of the Shiromani Akali Dal Amritsar Mann Party ("Mann Party"). The BIA adopted and affirmed the IJ's determination that even if Singh established past persecution on account of political opinion, the Department of Homeland Security ("DHS") successfully rebutted the presumption of a well-founded fear of future persecution by showing that Singh would be able to safely relocate within India and that it would not be unreasonable to expect him to do so. 8 C.F.R. § 1208.13(b)(3).

The agency's decision is supported by substantial evidence. The IJ concluded it would be reasonable for Singh to relocate to Punjab, as Singh was Sikh (a majority group in Punjab), fluent in Punjabi, had family members who live in that state, and had vocational skills which would enable him to work there. 8 C.F.R. § 1208.13(b)(3). The IJ also analyzed the individual circumstances and concluded Singh could safely relocate to Punjab, as all the harm he had previously suffered was at the hands of BJP and within the state of Haryana. The IJ further noted that the Aam Aadmi Party ("AAP") was now in power in Punjab, a group which had never

harmed Singh, and which appeared sympathetic towards Sikhs, even though it did not personally support Khalistan as a separate state. *See Singh v. Holder*, 753 F.3d 826, 834–35 (9th Cir. 2014). The agency's relocation determination defeats Singh's claim that he has a well-founded fear of future persecution, and thus his claims for asylum and withholding of removal fail. *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1029 (9th Cir. 2019).

The BIA also affirmed the IJ's conclusion that Singh had failed to demonstrate eligibility under CAT. Substantial evidence supports the agency's determination, as the record fails to compel the conclusion Singh would not be able to relocate within India and avoid torture. *Aguilar Fermin v. Barr*, 958 F.3d 887, 893 (9th Cir. 2020).

**PETITION DENIED.**